Franklin J. Rooks, Jr., Esquire
NJ Attorney ID:023802010
*Morgan Rooks, P.C.*
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIETTE FRANCOIS** | : | **Civil Action No.** |
| | : | |
| *Plaintiff,* | : | |
| | : | **CIVIL COMPLAINT** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA,** | : | |
| *Defendant.* | : | |

## PRELIMINARY STATEMENT

Juliette Francois ("Plaintiff"), by and through her counsel, Franklin J. Rooks, Jr., Esquire, of Morgan Rooks, P.C., brings this Complaint against the School District of Philadelphia. ("Defendant"). Plaintiff is seeking all available relief under the Family and Medical Leave Act ("FMLA").

## PARTIES

1.  Plaintiff is a citizen of the Commonwealth of Pennsylvania and resides in Elkins Park, Pennsylvania.

2.  Defendant is a municipal entity which operates the public school system in the City of Philadelphia.

3.   Defendant's principal place of business is located at 440 North Broad Street, Philadelphia, Pennsylvania 19130.

## JURISDICTION

4.   This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this court, pursuant to 28 U.S.C. §1331.

5.   Jurisdiction is proper as Defendant is subject to the personal jurisdiction of this Court.

## VENUE

6.   All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

7.   Venue is proper in the judicial District as provided by 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

8.   Plaintiff is a 32 year old female.

9.   Defendant operates the school district (the "District") within the City of Philadelphia.

10.  Plaintiff began her employment with Defendant on January 30, 2023.

11.  Defendant employed Plaintiff as a Recruitment & Selection Specialist in the District's Recruitment and Staffing Department.

12.  Defendant employed Plaintiff in a full-time capacity.

13.  Plaintiff worked at the District's office located at 440 North Broad Street, Philadelphia, Pennsylvania.

14. On October 14, 2025, Plaintiff was treated in the Emergency Department at the Hospital of the University of Pennsylvania (the "Hospital") because of her high-risk pregnancy, ovarian cysts, and uterine fibroids.

15. Plaintiff notified her supervisor, Virginia Soza, the District's Director of Recruitment & Selection, of her hospitalization and the reasons therefore.

16. On October 15, 2025, Plaintiff was discharged from the Hospital.

17. Plaintiff utilized her sick leave to cover the absences due to her hospitalization.

18. Subsequently, Plaintiff requested a continuous medical leave due to her high-risk pregnancy and accompanying complications.

19. Plaintiff's physician, Yvonne Ukwu, MD, completed a Department of Labor ("DOL") WH-380 Form, which certified Plaintiff's need for medical leave.

20. Plaintiff provided Defendant with the WH-380 Form that was completed by her physician to certify her need for medical leave.

21. At all times relevant to this litigation, Plaintiff worked for Defendant in excess of 1,250 hours in the twelve (12) month period prior to notifying Defendant of her need for medical leave.

22. The 12-week leave permitted under Plaintiff's FMLA request would expire at the end of December 2025.

23. Thirteen days after Plaintiff requested leave under the FMLA, Defendant finally provided Plaintiff with a notice of eligibility.

24. On October 28, 2025, Defendant sent Plaintiff the following correspondence pertaining to the FMLA.

**FAMILY & MEDICAL LEAVE ACT (FMLA) NOTICE OF ELIGIBILITY & RIGHTS**

TO:    Juliette Francois
EIDN:  100213
DATE:  10/28/2025
FROM: Nefertti James

On **10/16/2025** you informed us that you needed FMLA leave due to your own serious health condition beginning on **10/16/2025.**

This notice is to inform you that you will not meet the federal FMLA 1250 hours of service eligibility requirement.

This is often called the "look-back" method. The employee's available leave is calculated by subtracting the total FMLA leave taken in the preceding 12 months from 12 weeks. When an employee exhausts their 12 weeks, they will be eligible for new leave once the 12-month period immediately preceding that day no longer contains any FMLA time.

One of the federal FMLA eligibility requirements for FMLA protection is that you had to work 1,250 hours for the School District of Philadelphia during the 12 months before your FMLA beginning date. Unfortunately, your work hours total for the 12 months before **10/16/2025** is less than 1,250 hours.

25. In denying Plaintiff's request for leave under the FMLA, Defendant did not inform Plaintiff of the number of hours that she worked.

26. On October 29, 2025, Shannon McCallion, the District's Leave Administration Specialist, emailed Plaintiff stating, "[*i*]*f you are not medically cleared to return to work by your physician by November 12, 2025, you will need to complete the attached form indicating your intent to resign or retire.*"

27. Defendant terminated Plaintiff's employment in November 2025.

## COUNT I

## VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FMLA

28. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

29. The FMLA permits eligible employees to take up to 12 weeks of unpaid leave for a serious health condition. 29 U.S.C. § 2612.

30. Under the FMLA, an eligible employee is one who has been employed for at least twelve (12) months and worked at least 1,250 hours. 29 U.S.C. § 2611(2).

31. A "serious health condition" means an illness, injury, impairment, or physical condition that involves inpatient care in a hospital or continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

32. "When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of his/her eligibility to take FMLA leave within 5 business days." 29 C.F.R. § 825.300(b)(1).

33. The eligibility notice that is required to be provided to the employee must state whether the employee is eligible for FMLA leave. 29 C.F.R. § 825.300(b)(2).

34. "If the employee is not eligible for FMLA leave, the notice must state at least one reason why the employee is not eligible, including as applicable the number of months the employee has been employed by the employer, the hours of service with the employer during the 12-month period, and whether the employee is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite." 29 C.F.R. § 825.300(b)(2).

35. "Employers shall provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations." 29 C.F.R. § 825.300(c)(1).

36. The employer is responsible in all circumstances for designating leave as FMLA-qualifying within 5 (five) days after having notice that the employee's leave is sought for a FMLA-qualifying reason. 29 C.F.R. § 825.300(d)(1).

37. To establish a FMLA interference claim, an employee must show that: (1) she was an eligible employee under the FMLA; (2) the employer was subject to the FMLA's

requirements; (3) the employee was (entitled to FMLA leave; (4) the employee gave notice to the employer of her intention to take FMLA leave; and (5) the employee was denied the benefits to which she was entitled under the FMLA. *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

38. Defendant is a covered entity under the FMLA.

39. Plaintiff had a serious health condition for which she sought medical leave.

40. Plaintiff requested leave under the FMLA on October 16, 2025.

41. At the time that Plaintiff requested medical leave on October 16, 2025, she worked more than 1,250 hours.

42. Defendant failed to notify Plaintiff of her eligibility for FMLA within five (5) days of her request for medical leave.

43. Defendant notified Plaintiff that she was short of the FMLA's 1,250 hour eligibility requirement, without any further detail concerning the number of hours that she worked.

44. The notice that Defendant sent to Plaintiff did not reference the number of hours it contended that Plaintiff actually worked during the twelve months preceding her FMLA leave request.

45. The notice that Defendant sent to Plaintiff did not identify the number of hours that Plaintiff was allegedly short of the 1,250 hour requirement.

46. Defendant interfered with Plaintiff's FMLA rights by failing to provide her with notice of her eligibility in the time proscribed by the FMLA's regulations.

47. Defendant interfered with Plaintiff's FMLA rights by failing to inform her of the number of hours that it contended that she worked in the 12-month period preceding her leave request.

48. Defendant interfered with Plaintiff's FMLA rights by denying her request for medical leave even though she worked the requisite number of hours for FMLA eligibility.

49. Defendant interfered with Plaintiff's FMLA rights by failing to protect her job.

50. Defendant interfered with Plaintiff's FMLA rights by failing to restore her to the same or equivalent position.

51. As a direct and proximate consequence of Defendant's interference with Plaintiff's right to restoration under the FMLA, she has suffered damages.

**WHEREFORE**, Plaintiff seeks compensatory damages and non-compensatory damages against Defendant under the FMLA, together with costs and attorneys' fees, and such other legal and equitable relief from Defendant as the Court deems just and proper. More specifically, Plaintiff demands judgment against Defendant for the harms suffered from Defendant's violation of the FMLA as follows:

A. An award of back-pay and benefits;

B. An award of front-pay and benefits;

C. An award of liquidated damages;

D. An award of compensatory damages;

E. An award of prejudgment interest and enhancements to off-set negative tax consequences;

F. Attorneys' fees, expenses and/or costs, including, but not limited to, court costs,

expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this action; and,

G.  An order requiring Defendant to take appropriate corrective action to properly notify employees of their FMLA rights.

By: */s/Franklin J. Rooks, Jr.*

Date: <u>March 30, 2026</u>          Franklin J. Rooks Jr., Esq.

*Attorney for Plaintiff*